UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

Case No. 8:92-CR-213-T-15TGW

**JOSE GABRIEL AVILES**
_____/

O R D E R

This cause comes on for consideration of Defendant's pro se motion styled "Motion for Petition for Rule 60(b)(4) Void Judgment because of a Defect in Federal Court's Prior Judgments Proceeding's Integrity" (D-430).

Defendant was convicted in 1992 of conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. The Court sentenced Defendant to mandatory life because Defendant had two prior state felony convictions. On July 28, 1995, the Eleventh Circuit affirmed Defendant's conviction and sentence.

On April 17, 1998, Defendant filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On June 17, 1999, the Court dismissed the motion as untimely. The Eleventh Circuit dismissed Defendant's appeal of that order for want of prosecution. .

On August 7, 2007, Defendant filed a motion with the U.S.

District Court for the Central District of Illinois attacking the two State convictions relied upon by this Court to enhance Defendant's sentence. Specifically, Defendant alleged that his convictions from 1974 and 1983 were unconstitutionally obtained because he pled guilty without the aide of a Spanish-speaking interpreter and was not advised of the consequences of his pleas or the possible sentence. He further claimed he was denied effective assistance of counsel with regard to those cases.

Defendant's motion was transferred to this Court, and by order dated September 27, 2007, this Court denied the motion. Defendant appealed the denial of his motion. The Eleventh Circuit dismissed the appeal as frivolous.

In June 2009, Defendant filed another motion styled "Petition for a Writ of Error Coram Nobis." Therein Defendant attacked the validity of his 1974 conviction for sale of a controlled substance. He claimed his 1974 conviction should not have been relied upon for purposes of the enhancement under 21 U.S.C. § 851, and, as such, his life sentence must be vacated. By order dated July 1, 2009, the Court found coram nobis relief was not available and, further, that it could not construe the petition as a motion for relief under § 2255

because Defendant had not sought leave to file a successive § 2255 motion under 28 U.S.C. §§ 2244(b)(3)(A). On May 25, 2010, the Eleventh Circuit affirmed the Court's denial of the motion.

In February 2011, Defendant filed with the Eleventh Circuit an application for leave to file a successive § 2255 motion. (Case No. 11-10837). In his application, he claimed that this Court failed to comply with the provisions of 21 U.S.C. § 851(b) at sentencing. He further claimed that he was sentenced without the aid of an interpreter. While his application was pending, Defendant filed a motion in this Court in March 2011 seeking to "correct the court record." He argued that the sentencing minutes incorrectly reflected that an interpreter was present. The Court found that an interpreter was indeed present at the sentencing and that there was no error in the sentencing minutes. Four days later, the Eleventh Circuit denied his application for leave to file a successive § 2255 motion.

Undeterred, Defendant again returns to this Court, under the guise of Rule 60(b), asserting one of the same claims that the Eleventh Circuit previously denied him permission to raise in a successive § 2255 motion. Specifically, Defendant claims

that the Court failed to inquire of Defendant at sentencing whether he intended to challenge his prior convictions, and, as such, the original judgment is void. He further claims his attorney was ineffective in failing to advise him of his right to challenge the state convictions.[1]

Defendant cannot use Rule 60(b) to attack his criminal judgment. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003) (citation omitted) ("Rule 60(b) simply does not provide relief from judgment in a criminal case"); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). As such, the Court lacks jurisdiction to provide relief under Rule 60(b)(4).

The Court notes that it cannot construe Defendant's motion as one for relief under § 2255. See e.g. United States v. Chaff, 269 Fed. Appx 878, 879 (11th Cir. 2008) (per curiam). As indicated above, Defendant previously filed an unsuccessful § 2255 motion. If the Court were to treat the instant petition as one made pursuant to § 2255, the motion would be successive. A successive motion may not be filed

---

[1] The Court notes that Defendant's attorney at sentencing acknowledged the prior convictions and stated that he could not "locate any evidence to negate, negate the priors, Your Honor," and that his "investigation and efforts were fruitless in that regard." (D-415, p. 3.)

without leave of court of appeals. 28 U.S.C. § 2244(b)(3). Defendant has not shown that he was granted permission by the Eleventh Circuit to file a successive § 2255 motion. Rather, Defendant was denied such permission.

IT is therefore ORDERED that:

(1) Defendant's pro se motion styled "Motion for Petition for Rule 60(b)(4) Void Judgment because of a Defect in Federal Court's Prior Judgments Proceedings Integrity" (D-430) is DISMISSED for lack of jurisdiction.

DONE AND ORDERED at Tampa, Florida this 14th day of January, 2013.

/s/ William Castagna
HONORABLE WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE